## Arnett v. Commonwealth.

(Decided October 5, 1926.)

### Appeal from Magoffin Circuit Court.

Assault and Battery.—Evidence held to sustain conviction for willful shooting.

HOWARD & ARNETT for appellant.

FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Joe Morgan Arnett and three of his brothers were indicted in the Morgan circuit court for the wilful shooting of Elliott Arnett. The jury found them guilty and fixed the punishment of Joe Morgan Arnett at one year and one day in the penitentiary, but fixed the fine of his three brothers at $50.00 each. Joe Morgan Arnett appeals.

Augustus Arnett lives on a creek in Magoffin county, and Mrs. Nan Arnett lives on the same creek below him. Each has a number of children. On the morning in question Augustus Arnett's sons were going down the creek to raise coal for George Patton. When his son Roscoe Arnett and his wife Dora reached the home of Nan Arnett they stopped to talk; Roscoe's brother Proc came up. He and Eunice Arnett, a daughter of Nan, got into a quarrel. Eunice threw a drawing knife

at Proc and Proc threw a rock at her. About that time Elliott and Green Arnett, two sons of Nan, came up and about the same time Joe Morgan Arnett and his father got there. The witnesses differ very much as to what followed. Elliott Arnett testified that he started in the house and about the time he got to the door some one shot him with a shotgun, and about the same time Green Arnett got a shotgun and shot Roscoe Arnett. They then shut the door and went out at the back door and ran to the barn. Joe Morgan Arnett and Augustus Arnett were in the road; the barn was 50 or 60 yards above the house and as they passed him at the barn Joe Morgan Arnett shot and wounded him when he was simply standing there looking at him.

On the other hand the testimony for the defendant is that Elliott Arnett fired the first shot and was aiming his gun at defendant's father when Joe Morgan Arnett shot him the second time at the barn.

The evidence is not given in detail, but only in substance in the bill of exceptions. The chief objection to the verdict is that while the evidence may have warranted a fine for the shooting in an affray it does not warrant a judgment for malicious shooting. But if appellant shot Elliott Arnett at the barn as described by the proof for the Commonwealth, this was a malicious shooting or there was sufficient evidence of malice to warrant the jury in so finding. The instructions given to the jury are those usually given in such cases and no error is perceived on the trial to the prejudice of the defendant's substantial rights.

Judgment affirmed.